# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 20, 2010

No. 09-50591
Conference Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAIME LORENZO DOZAL-VARGAS, also known as Jaime Francisco Vega-Vargas,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-597-1

Before SMITH, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jaime Lorenzo Dozal-Vargas appeals his sentence following his guilty plea conviction for illegal reentry into the United States in violation of 8 U.S.C. § 1326. Dozal-Vargas was sentenced at the bottom of his advisory guidelines range to 46 months of imprisonment and two years of supervised release. He argues that his sentence is substantively unreasonable because it is greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a). He contends

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that his sentence overstates the seriousness of the offense of conviction, fails to account for his personal history and characteristics, is based on a Guideline that is not empirically based, and produced an unwarranted sentencing disparity.

Dozal-Vargas's argument regarding the validity of the Sentencing Guideline at issue, namely, U.S.S.G. § 2L1.2, is foreclosed in this court. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009). His argument that the Guidelines produce unwarranted sentencing disparities between defendants who can participate in a fast-track program and defendants who cannot is also foreclosed in this court. *See United States v. Gomez-Herrera*, 523 F.3d 554, 563 (5th Cir. 2008).

The substantive reasonableness of Dozal-Vargas's sentence is reviewed for plain error because he did not object on that ground in the district court. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). His arguments are insufficient to overcome the presumption of reasonableness afforded his within guidelines sentence. *See*, *e.g.*, *Gomez-Herrera*, 523 F.3d at 565-66; *United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008). He has failed to establish that his sentence was the result of error, much less plain error. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *Duarte*, 569 F.3d at 529-31 & n.11.

AFFIRMED.